IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CECIL EDWARDS., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MURPHY MARINE SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

### INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by section 7(b), 29 U.S.C. § 626(b) of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") and to secure protection and redress deprivation of similar rights secured by 19 Del. C. § 711.

### JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon section 7(b) of the ADEA, 29 U.S.C. § 626(b), and 28 U.S.C. § 1337 to enforce the provisions of the ADEA, as amended, 29 U.S.C. § 621 *et seq.* An additional jurisdictional basis for Plaintiff's state law claims exists under the principles of pendant and supplemental jurisdiction and 28 U.S.C. § 1367.

## VENUE

3. The unlawful employment practices alleged below were committed with the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware under 28 U.S.C. § 1391(b).

## PARTIES

4. Cecil Edwards (hereinafter "Plaintiff"), is an employee of the Defendant. He was born on October 10, 1946 and is fifty-eight years old. At all times relevant to the allegations herein, plaintiff was a citizen of the United States and a resident of the State of Delaware residing at 3604 N. Spruce Street, Wilmington, DE 19802. Plaintiff has been employed by Defendant since in or about 1977 most recently as a shipcrane driver.

5. Murphy Marine Services, Inc., (hereinafter "Defendant") is a corporation organized under the laws of the State of Delaware. Defendant is subject to service through Mark Murphy, 11 Gist Road, Wilmington, DE 19801.

6. Defendant is engaged in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. §630(h). Defendants employed twenty (20) or more employees at all times relevant to this action. Defendant is "an employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to filing this civil action, Plaintiff timely filed a written charge of age discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC.")

8. Plaintiff received a Dismissal and Notice of Rights on or about May 26, 2005.

## STATEMENT OF FACTS

9. Plaintiff became employed by Defendant in or around 1977 and his current position is a shipcrane driver.

10. In 1992, Plaintiff learned that Defendant was in need of individuals to drive the C-4 and C-5 shore cranes. Plaintiff made a request to receive training and certification on these shore cranes which is held in Baltimore, Maryland.

11. Since 1992 and continuing until September 2003, Plaintiff continued to make verbal requests for training and certification on the C-4 and C-5 cranes and has been consistently denied the opportunity by Defendant.

12. Mark Murphy (hereinafter "Murphy") informed Plaintiff that Defendant had no obligation to send him [Plaintiff] to Baltimore for the shore crane training and that it is his union's responsibility to identify the attendees for the training.

13. Upon information and belief, Murphy has sent other employees to the training in order to obtain certification. However, each time throughout the ten (10) year period when Plaintiff inquired about the status of his training request, he was advised by Defendant's superintendent that Murphy stated that no decision had been made yet.

14. In or around 2003, Plaintiff was advised by the union that two (2) individuals had just returned from the training class and there were five (5) other individuals who had completed the training. Upon information and belief a waiting list was generated for those individuals who wanted to attend the training. Plaintiff placed his name on the waiting list in the number three (3) slot but has never received the training.

15. In or around September 2003, Plaintiff once again verbally requested to attend the training to obtain certification and was advised by Murphy that he [Murphy] wanted to send younger people to the training.

16. Plaintiff then learned that Charles Bailey and Allen Woody, who are both substantially younger than Plaintiff were sent for training and certification. However, Plaintiff was never given the opportunity to attend the training and the only reason provided by the Defendant was that they wanted to send younger men.

17. Certification for the C-4 and C-5 cranes requires 80 hours of training and Plaintiff was never afforded the opportunity to receive the training or certification. As a result, Plaintiff has been denied training for which he is qualified for and entitled to, which has grossly affected his income and earnings with Defendant.

## COUNT I
### (Age Discrimination)

18. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 - 17.

19. Plaintiff's age was a determining factor in Defendant's decision to not provide training to him.

20. Defendants' violations of Plaintiff's rights under the ADEA were intentional and therefore done with malice and/or reckless indifference to Plaintiff's federally protected rights and were designed to further injure Plaintiff.

21. As a result of Defendants' actions in violation of the ADEA, Plaintiff suffered and continues to suffer from emotional distress, other physical and mental maladies, lost employment opportunities, lost wages, and other consequential damages.

## COUNT II
### *Violation of 19 Del. C. § 711*

22. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 - 21.

23. Defendants' aforesaid actions constituted discrimination against Plaintiff on the basis of age in violation of 19 *Del. C.* § 711.

24. Defendants' violations of Plaintiff's rights under 19 *Del. C.* § 711 were intentional and therefore done with malice and/or reckless indifference to his state-protected rights and were designed to further injure Plaintiff.

25. As a result of Defendants' actions in violation of § 711, Plaintiff suffered and continues to suffer from lost employment opportunities, lost wages, and other consequential damages.

**WHEREFORE**, Plaintiff, Cecil Edwards respectfully requests this Court enter judgment against the Defendants, and in his favor for damages suffered by him, due to Defendants' actions, including, but not limited to, compensatory damages, punitive damages, liquidated damages, attorneys' fees, the costs of this litigation, pre- and post-judgment interest and such other further relief as this Court deems just and proper.

MARGOLIS EDELSTEIN

*/s/ Keri L. Morris*
Jeffrey K. Martin, Esquire (#2407)
Keri L. Morris, Esquire (#4656)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680 Telephone
(302) 777-4682 Facsimile
*Attorney for Plaintiff Cecil Edwards*

Dated: August 19, 2005