IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CECIL EDWARDS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-612-GMS |
| | : | |
| v. | : | |
| | : | |
| MURPHY MARINE SERVICES, INC. | : | JURY TRIAL, DEMANDED |
| | : | |
| Defendant. | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT MURPHY MARINE SERVICES, INC.

Defendant Murphy Marine Services, Inc. ("Murphy Marine") hereby answers the Complaint filed by Plaintiff, Cecil Edwards, in accordance with the numbered paragraphs thereof as follows:

### INTRODUCTION

1. The averments set forth in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has initiated this action and pleads alleged violations of the Age Discrimination in Employment Act and Delaware's Discrimination in Employment Act.

### JURISDICTION

2. The averments set forth in Paragraph 2 of the Complaint state conclusions of law to which no response is required.

### VENUE

3. The averments set forth in Paragraph 3 of the Complaint state conclusions of law to which no response is required.

## PARTIES

4.  Admitted in part and denied in part. Defendant denies that Plaintiff has been employed by Murphy Marine since in or about 1977. Defendant admits that Murphy Marine has hired Plaintiff to work as a crane operator through a hiring hall operated by the International Longshoremen's Association ("ILA") as required by a collective bargaining agreement executed by and between the Philadelphia Marine Trade Association ("PMTA"), a multi-employer bargaining association to which Defendant belongs, and the ILA. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 4, and therefore denies same.

5.  Admitted.

6.  Admitted in part and denied in part. Defendant admits that it has, at times, employed more than twenty (20) employees. Defendant is without knowledge or information sufficient to form a belief as to what constitutes "all times relevant to this action" and, therefore, denies same. The remaining averments set forth in Paragraph 6 of the Complaint state conclusions of law to which no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint, and therefore denies same.

8.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint, and therefore denies same.

KRLSPHL: 249373 v.2

## STATEMENT OF FACTS

9. Denied as stated. Defendant admits that Murphy Marine has hired Plaintiff to work as a crane operator through a hiring hall operated by the ILA as required by a collective bargaining agreement executed by and between the PMTA and the ILA. Defendant admits that Plaintiff continues to work for Murphy Marine when he is assigned to this position by the ILA.

10. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint, and therefore denies same.

11. Denied.

12. Denied.

13. Defendant denies that Mark Murphy has sent other employees to training in order to obtain certification. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 13 of the Complaint, and therefore denies same.

14. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 14 of the Complaint, and therefore denies same.

15. Denied.

16. Defendant denies that Murphy Marine informed Plaintiff that it wanted to send younger men for training. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 16 of the Complaint, and therefore denies same.

KRLSPHL: 249373 v.2

17. Defendant denies that Plaintiff has been denied training for which he is qualified for and entitled to. Defendant further denies that Plaintiff's income and earnings have been grossly affected as a result thereof. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 17 of the Complaint, and therefore denies same.

## COUNT I

### Age Discrimination

18. Defendant hereby incorporates by reference its responses to Paragraphs 1 through 17 of the Complaint.

19. Denied.

20. The averments set forth in Paragraph 20 of the Complaint state conclusions of law to which no response is required.

21. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the Complaint, and therefore denies same.

## COUNT II

### Violation of 19 Del. C. § 711

22. Defendant hereby incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint.

23. The averments set forth in Paragraph 23 of the Complaint state conclusions of law to which no response is required.

KRLSPHL: 249373 v.2

24.  The averments set forth in Paragraph 24 of the Complaint state conclusions of law to which no response is required.

25.  The averments set forth in Paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 25 of the Complaint, and therefore denies same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and laches and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to file a timely charge of discrimination.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part because in every employment decision challenged herein, Defendant acted at all times in good faith based solely on legitimate business reasons wholly unrelated to any discriminatory or statutorily impermissible factors.

KRLSPHL: 249373 v.2

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant at all times made good faith efforts to comply with the law and any actions taken with respect to Plaintiff were done without malice or reckless indifference to her federally protected rights.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint may be preempted in whole or in part by the Labor Management Relations Act, 29 U.S.C. §185 et seq.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had in effect, at all relevant times, a procedure for employees to address claims of discriminatory treatment, and exercised reasonable care to prevent and promptly correct any discriminatory treatment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to exhaust his internal remedies, which are both preventive and corrective.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief may be barred in whole or in part by the doctrine of after-acquired evidence.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by his failure to exhaust internal collective bargaining agreement procedures and remedies which are inextricably intertwined with his claims in this lawsuit.

KRLSPHL: 249373 v.2

## TWELFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint may be barred in whole or in part because of the failure of Plaintiff to mitigate alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim should be dismissed for failure to join a necessary party.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend or add additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

**WHEREFORE**, Defendant Murphy Marine Services, Inc. respectfully requests that the Complaint be dismissed with prejudice, and judgment entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs, attorneys' fees and any other relief the Court deems appropriate.

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING

By: */s/ James J. Sullivan, Jr.*
James J. Sullivan, Jr. (No. 2266)
The Brandywine Building
Email: jsullivan@klettrooney.com
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

Attorneys for Defendant,
Murphy Marine Services, Inc.

Dated: September 23, 2005

KRLSPHL: 249373 v.2

## CERTIFICATE OF SERVICE

I, James J. Sullivan, Jr., Esquire, do hereby certify that on September 23.2005, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant, Murphy Marine Services, Inc., with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record:

>Keri Lynn Morris, Esquire
>Margolis Edelstein
>1509 Gilpin Avenue
>Wilmington, DE 19806
>(302) 777-4680
>Email: kmorris@margolisedelstein.com

>KLETT ROONEY LIEBER & SCHORLING

>By: /s/ James J. Sullivan, Jr.
>James J. Sullivan, Jr. (No. 2266)
>The Brandywine Building
>Email: jsullivan@klettrooney.com
>1000 West Street, Suite 1410
>Wilmington, DE 19801
>(302) 552-4200

>Attorneys for Defendant,
>Murphy Marine Services, Inc.

Dated: September 23, 2005

KRLSPHL: 249373 v.2